```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

WESLEY GEER,
                                                           DECISION AND ORDER
                          Plaintiff,
                                                           17-CV-6161L

                  v.


GATES CHILI CENTRAL SCHOOL DISTRICT,
et al.,

                          Defendants.
_____
```

Plaintiff Wesley Geer filed this action alleging that he was terminated from his employment as a high school teacher with the Gates-Chili Central School District ("District") in 2017, in violation of his federal civil rights and tortiously under New York law. Plaintiff asserted claims against the District, Employee Health Systems ("EHS"), the Gates Chili Board of Education, Joseph DiMaria, Kimberle Ward and Lisa Buckshaw.

On July 25, 2018, the Court issued a Decision and Order (Dkt. #54) dismissing plaintiff's claims against EHS and DiMaria. The Court also denied plaintiff's motions for leave to file a second amended complaint adding additional claims against EHS and DiMaria.

Plaintiff has now moved under Rule 54(b) of the Federal Rules of Civil Procedure for the entry of final judgment on all counts related to his claims against EHS and DiMaria. Counsel for EHS and DiMaria has submitted a response stating that they do not oppose the motion. (Dkt. #63.) The other defendants have not responded to plaintiff's motion.

Rule 54(b) "empowers the district court to enter a final judgment on fewer than all of the claims in the action, but 'only upon express determination that there is no just reason for the delay.'" *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir.1991) (quoting Fed. R. Civ .P. 54(b)). Certification under 54(b) should be granted only if there are "'interests of sound judicial administration' and efficiency to be served." *Id.* (quoting *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980)).

Having reviewed the parties' submissions, and considered the relevant factors, the Court finds that the factors supporting Rule 54(b) certification have been met here. Plaintiff's claims against EHS and DiMaria were dismissed primarily for reasons of immunity that are distinct and separable from his claims against the other defendants. In addition, while courts should avoid piecemeal litigation, appellate review of this Court's decision as to EHS and DiMaria could actually promote judicial efficiency, since, in the event of a reversal on appeal, all of plaintiff's claims could be tried together. The Court therefore grants plaintiff's motion, as set forth below.[1]

## CONCLUSION

The Court expressly determines, pursuant to Rule 54(b) of the Federal Rules of Civil Procedures, that there is no just reason for delay in entering final judgment dismissing all of plaintiff's claims against defendants Employee Health Systems and Joseph DiMaria.

---

[1] Plaintiff filed a notice of appeal (Dkt. #56) on August 21, 2018, roughly two and a half months before filing his Rule 54(b) motion. Although the filing of a notice of appeal ordinarily divests the district court of jurisdiction over matters related to the subject of the appeal, that rule has been held not to apply to actions by the district court rendering final the order appealed from. *See In re Document Technologies Litigation*, No. 17-cv-2405, 2017 WL 5133292, at *1 (S.D.N.Y. Oct. 16, 2017).

2

The Court therefore grants plaintiff's motion (Dkt. #61) for the entry of final judgment as to those claims, and directs the entry of a final judgment in favor of defendants Employee Health Systems and Joseph DiMaria.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
January 3, 2019.